```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANNA RODRIGUEZ, et al.,

                                Plaintiffs,

            - against -

PRESSLER AND PRESSLER, L.L.P., et al.,

                                Defendants.
------------------------------------------------------------ X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 16 2009 ★

BROOKLYN OFFICE

**ORDER**

CV-06-5103 (BMC) (JO)

**COGAN**, District Judge

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James Orenstein, pursuant to an Order of Referral as to plaintiffs' motion for attorneys' fees. A copy of the Report and Recommendation is attached. Plaintiffs have timely filed objections. I adopt, in part, the Report and Recommendation with the following modifications:

**I. Hourly Rates**

Having reviewed the factors set forth in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008), unlike Magistrate Judge Orenstein, I am convinced that a paying client would be willing to pay hourly rates of $450 and $300 for the services that Brinckerhoff and Wilner have rendered here. Although I take Magistrate Judge Orenstein's point that there are experienced counsel available to handle these types of matters for lower hourly rates, I find that counsels' requested rates are within the reasonable range for FDCPA cases in this district. See Richardson v. Professional Recovery Systems, LLC, 07-CV-3666 (BMC) (E.D.N.Y. Nov. 26, 2007) (approving rate of $300/hour for Wilner's unopposed fee application in FDCPA case); Reade-Alvarez v. Eltman,

Eltman, & Cooper, P.C., No. CV-04-2195 (CPS), 2006 WL 3681138, at *9 (E.D.N.Y. Dec. 11, 2006) (approving hourly rate of $420 for experienced attorney in FDCPA case). Therefore, I decline to adopt the Report and Recommendation as it relates to counsels' hourly rates.

## II. Hours Expended

I do, however, adopt the Report and Recommendation as it relates to Magistrate Judge Orenstein's finding regarding the reasonableness of hours expended in this matter. Therefore, I credit Wilner with 159.65 hours of compensable work for the plaintiffs and Brinckerhoff with 30 hours of compensable work for the plaintiffs.

## III. Downward Adjustment

Based on the hourly rates and compensable hours detailed above, the presumptively reasonable fee award in this case is $61,395.00. I decline to adopt Magistrate Judge Orenstein's recommendation that the fee award should be reduced by 50% due to plaintiffs' "limited success" in this matter. By achieving the maximum possible monetary relief available under the statute, plaintiffs' counsel succeeded in their efforts. Indeed, the settlement reflected the rejection of a viable legal defense that could have limited their recovery to half of what they received. See Dowling v. Kucker Kraus & Bruh, LLP., No. 99CIV11958RCC, 2005 WL 1337442, at *3 (S.D.N.Y. June 6, 2005) (holding "that the maximum statutory damages available to Plaintiffs under [the FDCPA] is limited to $1,000.00 per plaintiff per proceeding"). To the extent plaintiffs' counsel spent time on additional, non-viable legal theories, the reduction in total hours set forth in the preceding section is an adequate adjustment.

## IV. Other Costs

I adopt Magistrate Judge Orenstein's recommendation that the Court award other litigation costs in the amount of $9,064.04.[1]

## V. Conclusion

For the reasons set forth above, I award plaintiffs $61,395.00 in attorneys' fees and $9,064.04 in other costs, for a total award of $70,459.04.[2]

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
    March 12, 2009

---

[1] However, as the Report and Recommendation notes, defendants may comply with the portion of this award related to transcript costs "by satisfying the court reporter's invoices to the Emery Firm, regardless of its costs in doing so.
[2] I decline to award fees and costs associated with the instant motion.

3